IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JOHN LEWIS GERHOLT,
    Plaintiff,
    v.
DONALD ORR, JR.,
    Defendant

Case No. 3:13-cv-7-KRG-KAP

Report and Recommendation

Recommendation

The remaining defendant has filed a motion for summary judgment, docket no. 38. I recommend that it be granted.

Report

Plaintiff John Gerholt filed a complaint and an amended complaint alleging that when he was a pretrial detainee at the Bedford County Prison on May 15, 2012, defendant Donald Orr, the warden, woke him from sleep and choked him to the point that Gerholt collapsed and struck his head against the metal bunk and concrete wall in his cell, causing Gerholt injury. As Gerholt explained in his deposition, docket no. 41-1, attached as Exhibit A to the Appendix in support of the motion for summary judgment, Gerholt "assumed," Gerholt depo. at 26, that William Higgins, the Bedford County district attorney prosecuting Gerholt for his ambush shotgun slaying of his wife on November 9, 2008, had told Orr to take measures to stop Gerholt from writing to the district attorney and the state police with Gerholt's complaints that the father of his murdered wife was stealing things out of Gerholt's residence. According to Gerholt, Orr told him that if Gerholt did not stop writing "there would be more" and that Orr and Higgins "would see

that I would do life in prison regardless if I was innocent or not." Gerholt depo. at 26.

Defendant Orr denies the events alleged took place, but moves for summary judgment on the sole ground that plaintiff failed to exhaust his administrative remedies. Despite notice and ample time to reply, Gerholt does not oppose the motion.

The Prison Litigation Reform Act of 1996 amended the Civil Rights of Institutionalized Persons Act, 42 U.S.C.§ 1997e(a), to state:

No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The exhaustion of remedies requirement is satisfied by substantial compliance with the existing remedial scheme, see Nyhuis v. Reno, 204 F.3d 65, 77-78 (3d Cir.2000), but exhaustion of remedies by an inmate must take place regardless of the adequacy of the administrative process, Booth v. Churner, 532 U.S. 731, 734 (2001), and failure to exhaust constitutes procedural default barring a subsequent civil claim in federal court. Woodford v. Ngo, 548 U.S. 81 (2006). Procedural default is governed by the requirements of the applicable prison grievance system, rather than by federal law, so long as those requirements are not themselves in violation of the Constitution or federal law. Spruill v. Gillis, 372 F.3d 218, 231-32 (3d Cir.2004).

Defendant Orr attaches the Bedford County Correctional Facility's Inmate Grievance Procedures and Guidelines as docket no. 41-4, Exhibit D to the Appendix in support of the motion for summary judgment. It prescribes a straightforward grievance process: if the grievance involves "individual employee and inmate actions that affect them personally," inmates must try to resolve the matter informally with a staff member, then an inmate may grieve a matter by obtaining "a grievance form from any staff member" and giving it to the staff member or shift commander. The shift commander or deputy warden returns a decision within five working days to the inmate, who can appeal an unsatisfactory decision to the Warden within five working days.

Streamlined procedures apply to emergency grievances and sensitive issues. Section XI provides that if the inmate believes the complaint is sensitive "the inmate may file the complaint directly with the Warden, the judiciary or other proper authority without censorship;" though the section is not a model of draftsmanship this provision also assumes that a copy will go to the Warden for review, since if the Warden does not agree that the matter is sensitive "he will so advise the inmate in writing and return the complaint." According to Section VI.C, the grievance form must be filed within thirty days after the problem occurred; if it concerns a standing policy or practice, a grievance can be filed any time.

3

Gerholt testified, Gerholt depo. at 44-46, that almost immediately after the alleged incident he complained about it to a staff member named Downy, that Mr. Downy advised him to fill out a "complaint" after Orr had gone, and that he did fill out a "request slip" that asked to speak with the state police. A Lieutenant Clapper, the shift commander, took that request, and several months later (in the meantime Gerholt's trial was called, he pleaded *nolo contendere* to first degree murder, and he was sentenced) in October 2012 a state trooper came to see him at S.C.I. Camp Hill. Gerholt also testified that he went to the medical department and received some pain medication. Gerholt depo. at 38-40.

Gerholt (who had been at the Bedford County Prison since his arrest the day of the shooting more than three and a half years earlier) testified that he knew what the grievance procedure was, but did not file a grievance complaining about the alleged assault by Orr, Gerholt depo. at 48-49, because he "assumed that the Warden answered them and it would just be a waste of time, he'd just throw it away." Gerholt also testified, Gerholt depo. at 47-48, that he had no other interaction with Orr after the alleged assault in May 2012 until he left the prison in September 2012.

There is no futility exception to the exhaustion of remedies requirement. Nyhuis v. Reno, supra, 204 F.3d at 71. See also Booth v. Churner, 532 U.S. 731, 734 (2001)(an inmate must

4

exhaust the administrative remedies even if the relief he seeks is unavailable through the administrative process.); <u>Williamson v Wexford Health Sources, Inc.</u>, 131 Fed. Appx. 888, 890 (3d Cir.2005)(an inmate must exhaust the administrative remedies even if he **obtains** the relief he seeks before using every level of the administrative process.) Even if there were a futility exception, Gerholt certainly could not invoke it on these facts, since he not only admits knowledge of how the grievance system worked, he denies any external interference with filing a grievance. In fact, despite vague comments about the unhelpfulness of staff because of their fear of Orr, Gerholt admits that staff helped him actually to file a request or complaint seeking a meeting with the state police, and that the requested meeting actually took place. Gerholt cannot invoke Section XI's bypass provision, since it obviously can apply only to complaints actually filed, and Gerholt did not avail himself of it within the thirty day time period that applies to all grievances. (There is no claim that the singular assault was a policy or practice of the prison.) Because it is indisputable that Gerholt failed to exhaust administrative remedies before filing his complaint and has procedurally defaulted any use of the administrative remedies provided at the Bedford County Prison, summary judgment should be granted to Orr.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to serve and file written objections to this Report and Recommendation.

DATE: 26 January 2015

Keith A. Pesto,
United States Magistrate Judge

Notice to counsel of record by ECF and by U.S. Mail to:

John L. Gerholt KR-8142
S.C.I. Graterford
P.O. Box 244
Graterford, PA 19462