CLD-278                                                                                         NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1520
_____

JOHN LEWIS GERHOLT, SR.,
Appellant

v.

DONALD ORR, JR., Warden, individually and in his official capacity;
COUNTY OF BEDFORD; RONALD LEIDY, Correctional Officer,
individually and in his official capacity; JAMES BAKER, Correctional
Officer, individually and in his official capacity; LIEUTENANT CLIPPER,
Correctional Officer, individually and in his official capacity;
EUGENE D. DOWNY, Treatment Specialist, individually and in his official
capacity; PRIME CARE MEDICAL DEPARTMENT

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 3-13-cv-00007)
District Judge: Honorable Kim R. Gibson

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 23, 2015
Before: FUENTES, GREENAWAY, JR. and VANASKIE, Circuit Judges

(Opinion filed: August 19, 2015)
_____

OPINION[*]

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

_____

PER CURIAM

Appellant, John Lewis Gerholt, Sr., appeals pro se from the judgment entered against him in this civil rights action. For the following reasons, we will summarily affirm. See Third Cir. LAR 27.4 and I.O.P. 10.6.

I.

Gerholt is a Pennsylvania prisoner who was housed at the Bedford County Correctional Facility ("BCCF") in 2012 while he was awaiting trial on first-degree murder charges. In January 2013, Gerholt commenced this civil rights action under 42 U.S.C. § 1983 claiming that BCCF staff had denied him due process of law and violated his right to be free from cruel and unusual punishment.[1] Specifically, Gerholt alleged that, on May 15, 2012, BCCF Warden Donald Orr, Jr., entered his cell while he was sleeping, assaulted him, and instructed him to stop contacting law enforcement authorities with his personal problems.[2] Gerholt further alleged that several corrections officers and medical employees were aware of the assault, but refused to report it to local law enforcement due to fear of retaliation. Gerholt's initial complaint named only Warden Orr as a defendant, but he later amended the complaint to add as defendants: the

---

[1] Gerholt invoked both the Eighth and Fourteenth Amendment. Because he was a pretrial detainee at the time, his federal claims are governed by the Fourteenth Amendment. See note 3, infra. Gerholt also asserted state-law claims for assault and battery as well as negligence.

[2] Gerholt explained in his complaint that he had written to the Bedford County District Attorney and the Huntingdon Barracks of the State Police seeking assistance in locating items that had been stolen from his home.

2

County of Bedford; Correctional Officers Ronald Leidy, James Baker, and Lieutenant Clipper; Dr. Eugene D. Downy; and Prime Care Medical.  Gerholt maintained that he suffered permanent injuries as a result of the incident, and sought declaratory relief and compensatory damages.

The matter was referred to a Magistrate Judge who determined that Gerholt had failed to state a federal claim against any defendant except Warden Orr.  See 28 U.S.C. 1915A(b)(1).  The District Court agreed, approved and adopted the Report and Recommendation, and dismissed the amended complaint as to all other defendants.

Following discovery, Warden Orr moved for summary judgment on the ground that Gerholt had failed to exhaust his administrative remedies in accordance with the Prison Litigation Reform Act ("PLRA").  See 42 U.S.C. § 1997e(a).  Despite notice and ample time to respond, Gerholt did not oppose the motion.  The Magistrate Judge reviewed the record and agreed that Gerholt had not properly exhausted his claim against Warden Orr.  See id.; Woodford v. Ngo, 548 U.S. 81, 83-84 (2006).  Gerholt then submitted objections to the Magistrate Judge's Report and Recommendation, but did not address his failure to satisfy the PLRA's exhaustion requirement.  The District Court approved and adopted the Report and Recommendation over Gerholt's objections, and granted Warden Orr's motion for summary judgment.  This appeal followed.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.  Our review of a District Court's sua sponte dismissal under the PLRA is plenary.  Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).  We also exercise plenary review over an order

granting summary judgment. DeHart v. Horn, 390 F.3d 262, 267 (3d Cir. 2004). Summary judgment is proper where, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Kaucher v. Cnty. of Bucks, 455 F.3d 418, 422-23 (3d Cir. 2006).

Upon review, we see no error in the District Court's adjudication of this case.[3] First, the District Court properly dismissed Gerholt's claim against the County of Bedford, as he attempted to hold the County liable solely on a theory of respondeat superior. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A[n] [individual government] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*.").

The District Court also properly dismissed Gerholt's claims against the corrections officers and medical defendants. Gerholt claimed that these defendants violated his rights by failing to report the May 15, 2012 incident to local law enforcement. While we have recognized that a corrections officer's failure to intervene in an assault can be the basis of liability under the Eighth Amendment, Smith v. Mensinger, 293 F.3d 641, 650

---

[3] As a pretrial detainee, Gerholt was subject to the protections of the Fourteenth Amendment, not the Eighth Amendment. We have made clear, however, that "the Due Process rights of a pretrial detainee are at least as great as the Eighth Amendment protections available to a convicted prisoner." Boring v. Kozakiewicz, 833 F.2d 468, 471 (3d Cir. 1987) (quotation marks omitted). Thus, even though the constitutional protections afforded prisoners and pre-trial detainees against inadequate medical care arise from different textual sources, the standards governing the provision of medical care to each class are similar. Id. at 472.

(3d Cir. 2002), we have never indicated that a corrections officer who learns of an incident after the fact and fails to report it to law enforcement can be liable under § 1983. See Parratt v. Taylor, 451 U.S. 527, 535 (1981) (explaining that in order to establish liability under § 1983, a plaintiff must demonstrate that the defendant state actor deprived him of a federally secured right), overruled on other grounds by Daniels v. Williams, 474 U.S. 327 (1986).

We also agree with the District Court that Gerholt failed to exhaust his claim against Warden Orr. Pursuant to the PLRA, a prisoner may not bring a lawsuit "with respect to prison conditions under section 1983 of this title . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see also Booth v. Churner, 206 F.3d 289, 298 (3d Cir. 2000) (holding that an isolated assault constitutes a "prison condition" for purposes of § 1997e(a)). Section 1997e mandates "proper exhaustion"; thus, a "procedurally defective administrative grievance or appeal" does not satisfy the mandatory exhaustion requirement. Woodford, 548 U.S. at 83-84. "[T]he determination whether a prisoner has 'properly' exhausted a claim . . . is made by evaluating the prisoner's compliance with the prison's administrative regulations governing inmate grievances, and the waiver, if any, of such regulations by prison officials." Spruill v. Gillis, 372 F.3d 218, 222 (3d Cir. 2004).

In the amended complaint, Gerholt claimed that he attempted to exhaust his "legal remedies" by submitting a "request form" to his shift commander asking to speak to Bedford State Police. Such a request does not, however, comply with the prison's grievance procedure. (BCCF Inmate Grievance Procedures and Guidelines 4-6, 7; ECF

5

No. 41-4) (explaining procedure for initiating inmate grievance, including provision for "sensitive complaints"). Therefore, it does not assist Gerholt in meeting the PLRA's exhaustion requirement. See, e.g., Small v. Camden Cnty., 728 F.3d 265, 273 (3d Cir. 2013) (concluding that inmate did not exhaust remedies by sending letters to individuals outside of prison administration); Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002) ("To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require."). Moreover, Gerholt conceded at his deposition that he was aware of the prison's grievance procedure but chose not to utilize it in this instance because he "assumed that the Warden answered them and it would just be a waste of time, he'd just throw it away." (Gerholt Dep. 49, Apr. 16, 2014; ECF No. 41-1.) We have made clear, however, that the PLRA requires exhaustion of all remedies that are available to an inmate, Brown v. Croak, 312 F.3d 109, 112-13 (3d Cir. 2002), and that the exhaustion requirement is not subject to a "futility exception," Nyhuis v. Reno, 204 F.3d 65, 71 (3d Cir. 2000). Therefore, Gerholt's belief that he would not obtain any redress by following the prison's established grievance procedure does not provide us with a basis to excuse the exhaustion requirement.

## III.

Accordingly, because this appeal presents no substantial question, we will summarily affirm the District Court's judgment. See Third Cir. LAR 27.4 and I.O.P. 10.6.